IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHAEL COLLIER,<br><br>  Plaintiff,<br><br>v.<br><br>SYNERGY CORPORATE SERVICES, INC.,<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rachael Collier ("Plaintiff" or "Ms. Collier"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Synergy Corporate Services, Inc. ("Defendant" or "Synergy"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for gender discrimination, equal pay violations and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA"), and breach of contract.

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 29 U.S.C. § 2601, *et seq.*, 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b), 29 U.S.C. § 626(c)(1), and 42 U.S.C. § 2000e- 5(f)(3).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is a domestic corporation licensed to conduct business in this district.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a company engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant is an employer governed by and subject to the EPA, 29 U.S.C. § 206(d) and § 215(a)(3).

10.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, listed with the Georgia Secretary of State as Admin of Edward Hodgson/Estate Jake Hodgson, 4062 Peachtree Road, A 320, Brookhaven GA 30319.

## ADMINISTRATIVE PROCEDURES

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 29, 2020.

12.

Plaintiff requested the "Notice of Right to Sue" from the EEOC on November 19, 2020.

## FACTUAL ALLEGATIONS

13.

Ms. Collier began working for Defendant in July 2011, as an Employee Benefits Consultant.

14.

During Ms. Collier's employment, she did not receive a salary and was compensated on a commission-only basis.

15.

Ms. Collier, by agreement with Defendant, was to receive 65% of commissions. Synergy was to receive the remaining 35% of the commissions.

16.

Until August 2013, while Ms. Collier was paid as a W-2 employee, Defendant would occasionally pay her late. Defendant made payments toward the debt, but ultimately it never caught up with its obligations to her.

17.

Ms. Collier was the only employee on a sales team of five that Defendant did not pay on time and was not fully paid what she was owed.

18.

Mr. David Seay, who was in a similar position as Plaintiff, was allowed to collect commission directly from insurance companies and reimburse Defendant, minus his commission. This ensured he was paid on time, every time.

19.

Defendant denied Ms. Collier's request to be treated the same as Mr. Seay and required her clients' commissions be paid to Synergy to handle commission splits. Defendant had complete control over when Ms. Collier was paid and how much.

20.

In 2013, at Defendant's recommendation, Ms. Collier formed an LLC to receive compensation. Defendant informed Ms. Collier that she could write off all of her business expenses and Defendant would save money on taxes.

21.

Despite multiple attempts by Ms. Collier to be fairly compensated and collect monies owed to her for work already completed, Defendant continued to fail to pay Ms. Collier in a consistent and timely manner. Instead, Defendant kept a running balance of the money it owed to her.

22.

Mr. Edward Hodgson, owner of Synergy Benefits, confirmed the balance on multiple occasions, through email and text communications.

23.

Mr. Hodgson responded regularly to Ms. Collier's emails asking for payment with reasons for Defendant's short or delayed payments and he made assurances that Ms. Collier would receive the money Defendant owed her.

24.

In December 2017, Mr. Hodgson announced he would be unilaterally changing Ms. Collier's payment structure, including a decrease of her commissions to 50%.

25.

In 2017, Ms. Collier established a Business Trust to take the place of her LLC. She hired an attorney to help her draft a compensation agreement arranging a payment plan between Defendant and her Business Trust. The agreement was to memorialize in a contract the agreement the parties had regarding commissions.

26.

Defendant made representations about intending to sign the agreement to Ms. Collier. However, after almost a year of these representations and requests for more time for Mr. Dave Roberts, Defendant's attorney, to review the agreement, it was never signed.

27.

By January 2020, Defendant owed Ms. Collier approximately $175,000.

28.

On or about January 30, 2020, Ms. Collier met with Mr. Hodgson, Owner, and Ms. Jacklyn West, Human Resources.

29.

Mr. Hodgson told Ms. Collier that he was getting a loan and would be able to pay her what was owed to her by February 11, 2020.

30.

Defendant again failed to pay Ms. Collier in February 2020.

31.

Ms. Collier sent Mr. Hodgson a demand letter informing him of the approximately $160,000 still owed to her and asking Defendant to resolve the matter.

32.

Ms. Collier was the only female in her position.

33.

Ms. Collier was the only employee who was not fully paid what she was owed.

34.

When Ms. Collier complained, she was told that she was already paid enough, and that defendant did not need to pay her 100% of what she was owed.

35.

All male employees were paid 100% of what they were owed.

36.

In addition to failing to pay Ms. Collier's commissions, Defendant has also failed to deposit Ms. Collier's employee retirement contributions in a timely matter.

37.

Ms. Collier became a participant in, and began making deposits into, Synergy's 401k plan in 2011.

38.

At all relevant times, Defendant was a fiduciary for Synergy's 401k Plan.

39.

At all relevant times, Defendant had possession and control over Ms. Collier's 401k assets.

40.

On occasion Defendant intentionally, deliberately, and maliciously withheld Ms. Collier's deposits, in their entirety, meant for the Synergy 401k Plan.

41.

Defendant also withheld Ms. Collier's co-workers' deposits intended for their Synergy 401k accounts.

42.

Funds withheld from Ms. Collier's paychecks were meant for her 401k.

43.

Defendant used funds meant for Ms. Collier's 401k for Defendant's benefit.

44.

Ms. Collier did not authorize Defendant's use of her 401k deposits.

45.

After 8 years of payroll issues and the finding that Defendant was not depositing withheld income into her Synergy 401k account, Ms. Collier notified Defendant that she would cease performing work for it effective March 1, 2020.

46.

On or about March 1, 2020, Ms. Collier started her own employee benefits consulting company.

47.

On August 14, 2020, Mr. Hodgson died, leaving no succession plan for Synergy's 401k Plan for Defendant.

48.

Defendant is now owned by his 18-year-old son, Mr. Jake Hodgson. Mr. Hodgson's ex-wife, Ms. Michelle Hodgson, is the acting CEO.

49.

As of January 2021, Defendant still owes Ms. Collier over $220,000 in past due commissions and bonuses.

50.

Defendant treated Ms. Collier and other female employees less favorably than their male coworkers. Male members were paid when Ms. Collier was not. In addition, Defendant paid male members more for the same or similar work performed by Ms. Collier.

51.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

52.

Others outside the Plaintiff's protected class, i.e. male employees, were treated differently.

### **CLAIMS FOR RELIEF**

### **COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

53.
Plaintiff re-alleges paragraphs 13 through 52 as if set forth fully herein.

54.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment – not fully compensating her for work performed because of her

gender, while paying her male counterparts – constitutes unlawful discrimination on the basis of sex in violation of Title VII.

55.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

56.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

57.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

58.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

**COUNT II:  VIOLATION OF THE EQUAL PAY ACT**

59.

Plaintiff re-alleges paragraphs 13 through 52 as if set forth fully herein.

60.

Defendant willfully failed to pay Plaintiff for all work performed, while simultaneously ensuring that her male counterpart was paid.

61.

Defendant employed Plaintiff under different compensation terms and conditions as her male counterpart, resulting in her being paid less than male employees performing substantially similar work.

62.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

63.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

**COUNT III:  BREACH OF CONTRACT**

64.

Plaintiff re-alleges paragraphs 13 through 52  as if set forth fully herein.

65.

Defendant and Ms. Collier entered into a contract such that Defendant agreed to pay Ms. Collier for services rendered.

66.

Ms. Collier fulfilled her obligations under the contract.

67.

Defendant failed to pay Ms. Collier under the terms of the Agreement.

68.

Defendant has breached its obligation to Ms. Collier under the Agreement.

69.

Defendant is liable to Ms. Collier for the damages she has incurred as a result of its breach of the Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 13th day of February, 2021.

**BARRETT & FARAHANY**

 s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
Catherine A. Gavrilidis
Georgia Bar No. 565343

*Attorneys for Rachael Collier*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
catherine@justiceatwork.com

15